**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**KEVIN H. GIBSON,**

                     **Petitioner,**

      v.                                            **CASE NO. 21-3169-SAC**

**STATE OF KANSAS,**

                     **Respondent.**

**NOTICE AND ORDER TO SHOW CAUSE**

    This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, the Court directs Petitioner to show cause why this matter should not be dismissed for failure to timely file this action.

**Background**

    In state-court proceedings in 2010, a jury convicted Petitioner of first-degree murder and aggravated robbery, and the district court sentenced him to life in prison with a minimum term of 20 years, to be served consecutive to a 61-month prison sentence. *See State v.* Gibson, 299 Kan. 207, 208, 214 (2014) (*Gibson I*). Petitioner pursued a direct appeal, and the Kansas Supreme Court (KSC) affirmed his convictions. Petitioner then filed his first motion for habeas relief in state court, pursuant to K.S.A. 60-1507. *See Gibson v. State*, 2020 WL 4379133, at *1 (Kan. Ct. App. 2020) (*Gibson III*). The district court summarily denied the motion

and, on appeal, the Kansas Court of Appeals (KCOA) affirmed the denial. *Gibson v. State*, 2017 WL 948301, at *1-2 (Kan. Ct. App. 2017) (*Gibson II*). Petitioner filed a second 60-1507 motion, which the district court summarily denied; on appeal, the KCOA affirmed the denial. *Gibson III*, 2020 WL 4379133, at *1. Petitioner filed the petition now before this Court on July 27, 2021. (Doc. 1.)

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See*

*Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the United States Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing certiorari petition expires." *United States v. Hurst*, 322 F.3d 1259 (10th Cir. 2003). The limitation period begins to run the day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 902-07 n.6 (10th Cir. 2011).

The statute also contains a tolling provision:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Finally, the one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, "for example, when a prisoner is actually innocent, when an adversary's conduct—or other

uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 651 (2010), but "[s]imple excusable neglect is not sufficient," *see Gibson*, 232 F.3d at 808 (citation omitted).

There is also an exception to the one-year time limitation because of actual innocence. To obtain this exception, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The prisoner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's direct review concluded when the KSC denied review of his direct appeal on April 18, 2014. *Gibson I*, 299 Kan. at 207. Petitioner had 90 days to seek review before the United States Supreme Court. Thus, Petitioner's one-year federal habeas limitation period began to run around July 17, 2014. Petitioner filed his first state habeas motion on April 15, 2015, tolling the one-year federal habeas limitation period. Approximately 271 days of the one-year limitation period had expired at that point, leaving approximately 94 days remaining.

The KCOA affirmed the denial of Petitioner's first 60-1507

action on March 10, 2017, and the one-year federal habeas limitations period resumed because Petitioner did not file a petition for review by the KSC. *Gibson II*, 2017 WL 948301, at *1; *see also Edwards v. Roberts*, 479 Fed. Appx. 822, 826 (10th Cir. 2012). The federal habeas limitations period expired approximately 94 days after the KCOA affirmed the denial of Petitioner's first 60-1507 motion, or on approximately June 8, 2017.[1] Petitioner did not file his federal habeas petition until July 27, 2021.

The petition currently before the Court is not timely and is subject to dismissal unless Petitioner can demonstrate grounds for equitable or statutory tolling or that the actual innocence exception applies. The Court directs Petitioner to show cause why his Petition should not be dismissed.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including August 30, 2021, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his habeas claim should not be dismissed for failure to commence this action within the one-year limitation period.

**IT IS SO ORDERED.**

DATED:  This 30th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

---

[1] Although Petitioner filed a second 60-1507 motion, he did not do so until January 10, 2018, so his second 60-1507 proceedings did not affect the federal habeas limitations period, which had already expired. *See Gibson III*, 2020 WL 4379133, at *1.