IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN H. GIBSON,

                    Petitioner,

          v.                            CASE NO. 21-3169-SAC

STATE OF KANSAS,

                    Respondent.


MEMORANDUM AND ORDER


     This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On July 30, 2021, the Court issued a Notice and Order to Show Cause (NOSC) directing Petitioner to show cause why this matter should not be dismissed due to his failure to commence this action within the one-year limitation period. (Doc. 3.) Petitioner has filed his response. In addition, Petitioner has filed a motion to proceed *in forma pauperis* (Doc. 4), which is granted.

     The NOSC explained that the one-year limitation period under 28 U.S.C.§ 2244(d)(1) began to run on approximately July 17, 2014, when Petitioner's time for seeking review of his direct appeal by the United States Supreme Court expired. The limitation period then ran until Petitioner filed his first K.S.A. 60-1507 motion on April 15, 2015. At that point, approximately 271 days of the one-year limitation period had expired, leaving approximately 94 days remaining. When the Kansas Court of Appeals affirmed the denial of Petitioner's first 60-1507 motion on March 10, 2017, the one-year federal habeas limitations period resumed. It expired approximately

94 days later, or on approximately June 8, 2017. Because Petitioner did not file his federal habeas petition until July 27, 2021, this action is not timely and is subject to dismissal unless Petitioner can establish grounds for equitable tolling or application of the actual innocence exception to the time limitation.

### Actual Innocence

In his response to the NOSC, Petitioner asserts that he qualifies for the actual innocence exception. (Doc. 6, p. 1.) As Petitioner notes, "actual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, as in this case, expiration of the statute of limitations.'" *Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021)(quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). To obtain this exception, Petitioner is not required to conclusively exonerate himself; rather, his "burden at the gateway stage is to demonstrate 'that more likely than not any reasonable juror would have reasonable doubt.'" *Fontenot*, 4 F.4th at 1030 (quoting *House v. Bell*, 547 U.S. 518, 538, 553 (2006)).

Nevertheless,

> "tenable actual-innocence gateway pleas are rare, arising only in an extraordinary case. The gateway should open only when a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."

*Fontenot*, 4 F.4th at 1031 (citations and quotation marks omitted).

As the NOSC explained, to make it through the actual innocence gateway, Petitioner must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy

eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

In his response to the NOSC, Petitioner fails to identify any such "new reliable evidence." Rather, he only generally asserts his factual innocence, then moves on to arguing that there was cause for his delay and that he suffered prejudice from his underlying asserted constitutional errors.[1] (Doc. 6, p. 1-2.) Showing cause and prejudice for the untimeliness is not required for an actual innocence argument in this context. *See Fontenot*, 4 F.4th at 1032 ("[A] petitioner who establishes actual innocence need not make a showing of diligence in order to get his otherwise time-barred substantive claims heard.").

Petitioner then attacks the validity of his state-court conviction, asserting that it was "totally based on hearsay statements." (Doc. 6, p. 2-3.) Finally, Petitioner addresses whether his petition fails to state a claim for ineffective assistance of postconviction counsel. *Id.* at 3-4. Neither of these arguments are relevant, however, unless and until Petitioner establishes that he may use the actual innocence gateway to overcome his failure to timely file this action. As noted above, Petitioner has failed to identify any new reliable evidence that demonstrates 'that more likely than not any reasonable juror would have reasonable doubt.'" *See Fontenot*, 4 F.4th at 1030 (quoting *House*, 547 U.S. at 538). Thus, he has not established his entitlement to the actual innocence gateway.

---

[1] To the extent that this portion of the response could be liberally construed to present an argument for equitable tolling, that is discussed below.

**Equitable Tolling**

Liberally construing the response to the NOSC, Petitioner may also intend to assert that equitable tolling applies to this action. Equitable tolling "is available only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner asserts that his most recent appellate counsel "never notified him of the results of his last appeal." (Doc. 6, p. 1.) As noted in the NOSC, however, by the time Petitioner began his most recent state-court proceedings, the time to file his federal habeas petition had already expired. (Doc. 3, p. 5 n.1.) Similarly, although Petitioner refers to the problems inherent in the COVID-19 pandemic, the one-year federal habeas limitations period expired in 2017, well before COVID-19 problems arose.

Petitioner also argues that his state-court counsel failed to make the arguments he requested, but he does not explain how those failures indicate he was diligently pursuing his federal habeas claims or demonstrate that the failure to timely file a federal habeas petition was caused by extraordinary circumstances beyond his control. Accordingly, Petitioner has not established that equitable tolling applies to this action.

**Conclusion**

For these reasons, the Court concludes that the present petition is time-barred under 28 U.S.C. § 2241(d) and that Petitioner has not shown any circumstances that justify equitable tolling or an exception to the time limitation. The Court will therefore dismiss this matter as time-barred.

The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).


**IT IS, THEREFORE, BY THE COURT ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Doc. 4) is **granted.**

**IT IS FURTHER ORDERED** this matter is dismissed as time-barred. No certificate of appealability will issue.

**IT IS SO ORDERED.**


DATED:  This 18th day of August, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge